IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JORGE ALEJANDRO ROJAS,

*Plaintiff,*

vs.

DV INJURY LAW PLLC, VENAR RAAD AYAR, and DANIEL P. HEILBRUN,

*Defendants*.

Case No. _____

**JURY TRIAL DEMANDED**

Case: 2:23−cv−12140
Assigned To : Parker, Linda V.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 8/21/2023
Description: CMP Rojas v. DV Injury Law PLLC, et al (jo)

## COMPLAINT

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Defendants DV Injury Law PLLC, Venar Raad Ayar, and Daniel P. Heilbrun, and alleges based on personal knowledge and information and belief:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.

3. This case involves a campaign by Defendants who placed illegal, automated calls/texts, concerning legal claims.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

1

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. The corporate defendant is incorporated in this District and its officers are, upon information and belief, located within this District.
6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.
8. Defendant DV Injury Law PLLC ("DV") is a Michigan entity, with a principal address of 30095 Northwestern Hwy Farmington Hills, MI 48334, and a registered agent of Venar Raad Ayar, located at the same.
9. Defendant Venar Raad Ayar is a Member of Defendant DV and is located at Suite 102 of the same address.
10. Defendant Daniel P. Heilbrun is a Member or Manager of Defendant DV and is located at Suite 102 of the same address.
11. Defendants are each a person as defined by 47 U.S.C. § 153(39).
12. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

13. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).
14. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).
15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:
    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of

the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

16. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

17. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

18. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

19. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

20. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## ALLEGATIONS

21. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

22. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

23. Plaintiff is the account holder and customary user of his phone number.
24. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.
25. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.
26. The calls alleged in this action were made for or on behalf of the Defendants, for the purpose of soliciting legal services, specifically roundup product liability claims.
27. Plaintiff alleges that Defendants use, an at present unknown lead generator or call center to make telephone calls on behalf of one or more law firms who are looking for potential clients for legal claims such as roundup product liability.
28. As officers of their company, the individual defendants selected the dialing system used, any lead generators, the manner in which the leads were called, and otherwise participated in the conduct alleged herein. The officers should have been aware that illegal calling was taking place, and took immediate action to correct it.
29. The Defendants are aware of who the unknown lead generator would be.
30. The Defendants in this case are liable for the conduct alleged in this Complaint, because they would make money from any ultimate income obtained from any resulting legal claim brought by the Plaintiff under a retainer agreement.
31. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.
32. **Call 1.** On or about August 4, 2023, at 2:24 PM Chicago time, Plaintiff received a telephone call from Defendants, or an agent acting on their behalf, from telephone number 331-216-0496.
33. The caller identification identified the call as "UNKNOWN."
34. The area code 331 covers portions of Illinois including Aurora, which is located within the Northern District of Illinois. https://www.allareacodes.com/331.
35. Plaintiff alleges the telephone number was spoofed so as to prompt Plaintiff to answer the telephone thinking it was from a local number.
36. When Plaintiff answered the telephone, he heard a beep, followed by a female pre-recording which played. Prior to being connected to a representative, Plaintiff heard another beep.

37. Plaintiff was ultimately connected to an Elizabeth, who stated she was calling regarding roundup product liability claims.
38. When asked who she was working with, Elizabeth provided a firm name of DV Injury Law, and website of DVInjuryLaw.com. Elizabeth also provided a telephone number of 248-237-4058.
39. The telephone call lasted about four (4) minutes.
40. The website DVInjuryLaw.com describes itself as "Our firm focuses on mass tort and product liability cases. These include any personal injury, wrongful death, and other serious catastrophic injury. We work in a range of legal matters with nationally recognized attorneys that are leaders in the field. Most of our cases are no recovery, no fee. Please contact us for a free consultation."
41. A google search of the telephone number that was identified on Plaintiff's caller ID results in results such as https://directory.youmail.com/phone/331-216-0094 where other individuals are reporting receiving similar calls from this number.
42. All the telephone calls above were advertising Plaintiff to retain the services of an attorney to bring legal claims against the government or other entities for alleged product liability claims.
43. Plaintiff alleges the telephone calls were made by an Automatic Telephone Dialing System ("ATDS").
44. Plaintiff has never provided his consent to be called or texted to Defendants.
45. The conduct alleged in this action was made willful and knowingly.
46. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.
47. Defendants did not have any consent to call Plaintiff.
48. Defendants are not an organization exempt from the TCPA.
49. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.
50. The impersonal and generic nature of Defendants' calls shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) in making the call.
51. In total, Defendants' and/or its affiliates placed at least one (1) automated calls to Plaintiff.

52. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

53. The foregoing acts and omissions were in violation of the TCPA.

54. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.

55. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

56. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

57. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

58. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

59. Plaintiff is also entitled to an award of costs.

60. Defendants' calls were not made for "emergency purposes."

61. Defendants' calls to Plaintiff were made without any prior express written consent.

62. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

63. The acts and/or omissions of Defendants' were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

64. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

65. Plaintiff, in discovery will identify additional telephone calls made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying.

66. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.
67. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.
68. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

69. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
70. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least one (1) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.
71. Plaintiff was statutorily damaged at least one (1) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.
72. Plaintiff was further statutorily damaged because Defendants' willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $1,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and severally, in an amount to be more fully determined at trial, but at least $1,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;
B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);
C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. All reasonable attorneys' fees, witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

E. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G. Any other relief this Court deems proper.

Respectfully submitted,

Dated: August 21, 2023

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

# CIVIL COVER SHEET

JS 44 (Rev. 10/20)

County in which action arose: Oakland

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jorge Alejandro Rojas

## DEFENDANTS
DV INJURY LAW PLLC, VENAR RAAD AYAR, and DANIEL P. HEILBRUN

**(b)** County of Residence of First Listed Plaintiff: DuPage (IL)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Oakland
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se
557 Cambridge Way
Bolingbrook, IL 60440

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☒ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227

Brief description of cause:
Telemarketing

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,500.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____  DOCKET NUMBER: _____

DATE: August 21, 2023
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes :