IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br><br>DV INJURY LAW PLLC, VENAR RAAD AYAR, and DANIEL P. HEILBRUN,<br><br>*Defendants*. | Case No. 2:23-CV-12140-LVP-EAS<br><br><br>Assigned to:<br>District Judge Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

Plaintiff, Jorge Alejandro Rojas, responds in opposition to Defendants[1]' November 8, 2023 Motion to Strike (ECF No. 8). Defendants' motion should be denied.

Plaintiff commenced this action on August 21, 2023, against the Defendants, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (ECF No. 1). On August 22, 2023, Plaintiff then sent requests to waive service of process to the Defendants – which they did not return. Plaintiff subsequently retained a process server to serve the corporate Defendant, DV Injury Law PLLC ("DV"). The process server informed Plaintiff that service had been completed, and provided Plaintiff with a proof of service, which Plaintiff filed with the Court.

Defendant DV moves to strike service. In its Motion, Defendant states "It has been alleged that Defendant Venar Raad Ayar was personally served the Summons and Complaint in the filed Return of Service." ECF No. 8 ¶ 1. But the process server's return makes no such statement, and Plaintiff has not asserted that service had been performed personally on Defendant Venar Raad Ayar. The Return of Service filed with the Court concerns the *corporate* entity, DV Injury Law PLLC.

---

[1] The ECF filing indicates that it is a motion by "All Defendants" notwithstanding that Plaintiff has only so far served the corporate entity.

1

The Return of Service is not defective, either, because it was, like most every other Return of Service, made pursuant to 28 U.S.C. § 1746, which allows for "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:"

The return of service indeed includes a statement at the end that the declaration was done under penalty of perjury. The return of service is indeed the one that the Court's Clerk provides with the summons. Following notification from Defendants' counsel concerning the perceived inadequate service, Plaintiff contacted the process server to confirm the details concerning service. The process server has informed Plaintiff that the service was completed and that the proof of service was truthfully and accurately completed in the same form Plaintiff filed with the Court.

Defendant seeks sanctions against Plaintiff, but has failed to make any showing why such purported sanctions are warranted. There is no deficiency in service as to the Defendant, let alone a sanctionable one. Even if the service was somehow defective, defects in service rarely if ever rise to the level of sanctionable conduct. Dismissal is not invariably required where service is ineffective — under such circumstances a court has discretion to either dismiss the action or quash service but retain the case for proper service later. *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994) (*citing Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952); M*aichok v. Bertha-Consumers Co.*, 25 F.2d 257 (6th Cir. 1928)). *Rojek v. Catholic Charities, Inc.*, No. 08-14492, at *7 (E.D. Mich. Nov. 16, 2009). Moreover, Defendant seeks sanctions against the Plaintiff despite not following the proper procedures of Fed. R. Civ. P. 11 including its safe harbor provisions. In any event, Defendants have not identified what conduct was made by Plaintiff that would rise to a level of sanctions.

It should also be noted that when defense counsel called Plaintiff on November 7, 2023, Plaintiff informed him that he would be reaching out to the process server to obtain any additional

information before agreeing to a motion to strike. Plaintiff also attempted to resolve the issue – asking defense counsel if their client would agree to a waiver of service – to which counsel replied saying that they were only hired to "strike the service" and were not authorized to accept service or waiver. Defendant nevertheless filed its motion less than a day after bringing the issue to Plaintiff's attention.

In any event, to the extent that the Court finds service was inadequate, Plaintiff requests an extension of time of an additional ninety days beyond the time period provided in FED. R. CIV P, 4(m) within which to cure service. Plaintiff is currently still in the process of serving the other individual Defendants in this action – who also failed to return a waiver.

Respectfully submitted,

Dated: November 9, 2023               /s/ Jorge Alejandro Rojas
                                      JORGE ALEJANDRO ROJAS
                                      Rojas.jorge96@gmail.com
                                      Plaintiff in Pro Se
                                      557 Cambridge Way
                                      Bolingbrook, IL 60440
                                      (424) 219-1582

## CERTIFICATE OF SERVICE

I certify that a copy of this filing will be sent via the Court's CM/ECF system to counsel for Defendants.

Dated: November 9, 2023               /s/ Jorge Alejandro Rojas
                                      JORGE ALEJANDRO ROJAS
                                      Rojas.jorge96@gmail.com
                                      Plaintiff in Pro Se
                                      557 Cambridge Way
                                      Bolingbrook, IL 60440
                                      (424) 219-1582