IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jorge Alejandro Rojas<br><br>Plaintiff,<br><br>v.<br><br>DV Injury Law PLLC, Venar Raad Ayar, and Daniel P. Heilbrun<br><br>Defendants. | Case No. 2:23-cv-12140-LVP-EAS<br><br>**JURY TRIAL DEMANDED** |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO QUASH**

Plaintiff/Counter-Defendant Jorge Alejandro Rojas files this Response in Opposition to Defendants/Counter-Plaintiff/Third-Party Plaintiff's "Amended Motion to Quash Subpoenas or for Protective Order" ("Motion"), ECF. No. 22. For the reasons that follow, the Court should deny the motion.

      **I.   INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging Defendants violated the TCPA by placing at least one telemarketing call to Plaintiff without his prior express written consent. (Complaint, ECF No. 1). In addition to asserting claims against Mark Dombrowski,[1] Defendants have counter-claimed Plaintiff under

---

[1] Defendants omit that name and instead note a name of Mark Nowicki in their latest filings and discovery request propounded on Plaintiff. It remains unclear if this is in fact the same person as Mark Dombrowski or if Defendants are improperly attempting to add this individual as a party.

1

claims of abuse of process, RICO, fraud, and defamation.

Following the Parties' Rule 26(f) conference, the parties (except for Mark Dombrowski and/or Mark Nowicki) have exchanged discovery requests. Of relevance here, the Plaintiff also issued third party subpoenas to the telephone carriers concerning the alleged call and the call-back telephone number provided to the Plaintiff during the call. The Plaintiff issued these subpoenas, *inter alia*, to establish that the Defendants placed the call at issue to Plaintiff, and, critically, to see if the Defendants placed any other calls to the Plaintiff within the TCPA's four-year statute of limitation. Contrary to Defendants' assertions (Motion at ¶¶ 1-2), the three subpoenas issued in with respect to the telephone number 331-216-0496 to the carriers in the chain reproduced in Exhibits A, B, and C pertain to the very same telephone number which appeared on the caller ID for the alleged call. (Complaint ¶ 32). Exhibit D pertains to 248-237-4058, the telephone number provided to the Plaintiff as an alternative contact number by the representative with whom Plaintiff spoke. (Complaint ¶ 38).

## II. LEGAL STANDARD

Under FED. R. CIV. P. 45(d)(3)(A), the court must, upon timely motion, quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Such motions should be rarely, if ever, granted, particularly because "the party seeking to quash a subpoena bears a heavy burden of proof." *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995).

Importantly and critically here, as a preliminary matter, a party has "no standing to seek to quash a subpoena directed to a non-party" unless the party seeking to quash can show that the

subpoena would violate their "privilege" or a "personal right." *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006). A court may quash a subpoena for privilege if it requires, for example, disclosure of trade secrets or an unretained expert's opinion. FED. R. CIV. P. 45(d)(3)(B); *Proto Gage, Inc. v. Fed. Ins. Co., Inc.*, No. 21-12286, 2022 WL 1598621, at *2 (E.D. Mich. May 19, 2022). Finally, the moving party bears a heavy burden in that it is required to demonstrate that the discovery sought is impermissible. *In re Smirman*, 267 F.R.D. 221, 223 (E.D. Mich. 2010).

### III.  ARGUMENT

The motion to quash should be denied for at least two reasons. *First,* Defendants lack standing to quash a third-party subpoena. *Second,* Plaintiff has alleged at least one telephone call, and the TCPA's four year statute of limitations allows him to seek the information he seeks here. Furthermore, as the Defendants themselves are forced to admit, the information sought is necessary and relevant to Plaintiff's claims and his defenses, particularly because the identification of the entities involved in placing the call(s) to Plaintiff and how many calls the Plaintiff received is necessary to both proving the Plaintiff's claims and defending against the Defendants' counterclaims. Defendants have also asserted affirmative defenses, including that the conduct of third parties beyond their control were involved in the TCPA conduct (ECF No. 13-1 ¶ 7), and so the Plaintiff is entitled to take discovery to ascertain their identity.

The motion for a protective order should similarly be denied because Defendants have failed to show they have met the standards set forth in Fed. R. Civ. P. 26(c) by demonstrating that the requested information would result in annoyance, embarrassment, oppression, or undue burden or expense. The information sought is within the knowledge of telephone companies and is frequently and ordinarily kept in an easily-retrievable format in the course of the companies'

3

business. Indeed, at least three of the telephone companies subpoenaed promptly provided the requested information, without objection, the *same day* they were served.

A.  *Defendants lack standing to quash the subpoenas.*

Generally, a party has "'no standing to seek to quash a subpoena directed to a non-party." *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *Wells*, 2006 WL 3203905 at *2). If the movant can show the subpoena would violate their privilege or a personal right, they *might* have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). That said, the party seeking to quash a third-party subpoena must meet a heavy burden of proof. *Wells*, 2006 WL 3203905 at *2. For example, a party who makes no claim of privilege or personal right considering the heavy burden lacks standing to quash a third-party subpoena. *Underwood*, 2008 WL 5235992 at *1.

In a December 28th email to the undersigned counsel, opposing counsel objected to the subpoena on the basis that it sought information which was "privileged and confidential." Plaintiff is unsure what privilege Defendants claimed they were asserting, and they appear to have abandoned that claim entirely in their motion. Because the Defendants have not articulated any reason why the information is privileged, they *prima facie* lack standing, as the Court declared in *Underwood*.

Nor does the subpoenaed information violate any personal right of the Defendants, nor can they claim as much. There are no trade secrets or expert information in a company's telephone records. Defendants have not identified any person who would be "harassed" or "abused," let alone explained how Defendants would personally be inconvenienced by such production. (Motion at ¶ 4). Indeed, as the Defendants themselves admit, the records sought

4

reflect records of commercial transactions, specifically "Call Detail Record[s]" pertinent to the subpoenaed telephone numbers. (Motion at ¶ 1). Defendants must show that their privilege or personal right is implicated by the information sought. The fact that they are subscribed to the telephone numbers at issue in this case and the records of the calls they placed or received on those numbers, does not endanger such rights in the slightest such as to confer standing sufficient to quash third-party subpoenas. *Mann,* 114 F.3d at 1188. Because Defendants have not demonstrated as much, they therefore lack standing.

B. *The subpoena is relevant because it properly seeks records of calls within the TCPA's four year statute of limitations.*

The crux of the remainder of the argument adopted by the Defendants as to why the subpoena should be quashed is that any calls outside that date plaintiff alleged in the complaint, August 4, 2023, flunk the liberal relevancy requirements of Rule 401. Defendants contend that any subpoenas issued in this case should be limited to the date the Plaintiff received the one call alleged in the complaint. Not so. The TCPA has a four-year statute of limitations, and the Plaintiff is attempting to ascertain if or when additional calls were placed to him, thus making calls outside that date probative to the Plaintiff's affirmative TCPA claims and therefore relevant. 28 U.S.C. § 1658; *Giovanniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013). Furthermore, even if the records do not uncover any additional calls made to the Plaintiff, records of similar contacts made to other parties, including Mr. Dombrowski (or Mr. Nowicki) would serve as strong evidence tending to prove or disprove the Defendants' counterclaims and crossclaims. Thus, as a preliminary requirement, the subpoena seeks information which is properly subject to discovery under Rule 401's liberal standard.

5

Furthermore, Courts have allowed nearly identical disclosure of similar records in TCPA cases. *E.g.*, *Demarzo v. Healthcare Tr. of Am., Inc*., No. 20-61693-CIV, 2021 WL 6693755, at *2 n.1 (S.D. Fla. Apr. 7, 2021) ("Defendant, however, fails to explain how disclosure of the particular information requested would invade the privacy interests of any third party. Nor does Defendant allege that it would violate any privacy law."). Moreover, Courts usually reject such objections without a showing of "particular information" explaining how answering discovery would violate the privacy interests of a third party based on some temporal limitation. *Id*.; *see Coker v. Duke & Co*., 177 F.R.D. 682, 687 (M.D. Ala. 1998).

Indeed, although the Complaint identifies one call made on August 4, 2023, Plaintiff alleged that additional telephone calls have been made by Defendants or agents on their behalf. (Complaint ¶ 49) ("Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above."); (Complaint ¶ 51) ("In total, Defendants' and/or its affiliates placed at least one (1) automated calls to Plaintiff.").

With respect to the fraud and similar allegations in the counterclaim, only complete production of the Defendants' calling records from their service provider will show whether or not the Plaintiff engaged in lead fraud. Information concerning the other people that were called would surely be relevant to Plaintiff's defense, for example, by demonstrating that Defendants never had any contact with Mr. Dombrowski (or Mr. Nowicki), or whether Defendants' lead provider was injecting its lead database with knowingly false or fraudulent leads of other individuals besides the Plaintiff.

Accordingly, the information sought is clearly relevant, even if it falls outside the single date the Plaintiff contends he received the call at issue in the complaint.

6

C.  *The alternative motion for protective order should also be denied because seeking telephone records in a case about telephone records does not subject a party to "annoyance, embarrassment, oppression, or undue burden or expense."*

Under FED. R. CIV. P. 26(c)(1), a court may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." To satisfy the requirements of Rule 26(c), "the moving party must show good cause for protection from one (or more) harms identified in Rule 26(c)(1)(A) with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (cleaned up). "To show good cause, a movant for a protective order must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (cleaned up). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable." 8A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2036 (3d ed. 2012).

Defendants' motion is completely devoid of information demonstrating that subjecting the third parties to produce the requested information would cause clearly defined and serious injury that Rule 26 requires. Not a single one of the third parties issued the subpoenas have objected to them. In fact, three of them provided the requested information, without objection, *the very same day they were served*. And in addition to offensively aiding the Plaintiff's claims, the information will not annoy, embarrass, oppress, or subject the counterclaiming Defendants to undue burden and expense. To the contrary, the information produced could identify any other relevant third parties which should be joined in this action.

7

At least one potential additional party has already been identified, Talk It Pro LLC, which is located *in the same building* as Defendants and about which and a subsidiary entity of which, Bezalu, Defendant Ayar publicly posted Google reviews admitting they use their services:





Venar Ayar, *Talk It Pro*, GOOGLE REVIEWS, https://g.co/kgs/SbQwMVs [https://archive.is/JJcbu]; Venar Ayar, *Bezalu LLC*, GOOGLE REVIEWS, https://g.co/kgs/Mo9p3qL [https://archive.is/RV0tp]. Perplexingly, Defendant Ayar refers to Talk IT Pro as "not your ordinary VOIP Company," thus lending credence to the inference of some shady business as among the two entities that the Plaintiff is entitled to uncover in discovery.

As a result, it is far from the standards articulated in Rule 26(c) to seek information from Defendants' self-proclaimed "not your ordinary VOIP Company." Plaintiff's subpoenas to seek information for periods within the statute of limitations. Even if this information will not identify additional calls which may have been made by the Defendants to Plaintiff, the history of the telephone numbers themselves, the traffic to and from them, particularly in light of the unusually cozy relationship between Defendants and their telephone provider, is relevant to Plaintiff's affirmative TCPA claims and to his defense against the claims of fraud. For example, the call logs could show that other calls were being made to other individuals that haven't consented or demonstrate that Talk IT pro is the real perpetrator of the wrongdoing alleged here. Besides defending against the counterclaim, that conduct could go towards demonstrating that Defendants' conduct was knowing and/or willful for treble damages purposes.

Similarly, Defendants cannot claim annoyance by a request that does not seek their own records but instead seeks records from a third-party entity. Defendants will not be embarrassed by the records either; they are standard telephone records that the parties are entitled to. Defendants likewise will not be oppressed by the records, and haven't argued so in their motion. There is also no undue burden or expense, given that the records are electronic in nature and the entitles producing these sorts of records are accustomed to producing them. Any undue burden or expense would be up to the producing entity to assert, and Defendants have not done so here.

### IV. CONCLUSION

This Defendants lack standing to seek to quash a third-party subpoena. Even if they did, they have failed to demonstrate it seeks irrelevant information. And even if the Court were to consider the alternative relief as a motion for a protective order, Defendants have not met the bar set by Rule 26(c)(1). This is a TCPA action, and Defendants have exposed themselves to several

9

years' worth of liability for any phone calls made to the Plaintiff. The records sought will aid in the discovery of the facts concerning Plaintiff's claims and defenses. The Court must therefore deny the motion in its entirety.

Dated: January 10, 2024

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on January 10, 2024, which will automatically send a copy to all attorneys of record on the case.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> *Attorney for Plaintiff*