IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jorge Alejandro Rojas<br><br>        Plaintiff,<br><br>v.<br><br><br>DV Injury Law PLLC, Venar Raad Ayar, and Daniel P. Heilbrun<br><br>        Defendants.<br><br>*And Associated Counterclaims and Third Party Claims* | Case No. 2:23-cv-12140-LVP-EAS<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S 26(f) REPORT AND DISCOVERY PLAN**

The Parties met and conferred on December 22, 2023. In accordance with the Court's order of December 19, 2023 (ECF No. 19), the Plaintiff proposes the following discovery plan. This plan was not submitted as a joint discovery plan because counsel for Defendants refused to participate. Counsel for Plaintiff drafted and sent a substantially completed proposed joint discovery plan, essentially identical to the below, to counsel for the Defendants on January 11, 2024 and noted the Court's due date of three *business days* before the Rule 16 Conference, or January 12, 2024. In response, on January 12, 2024, counsel for the Defendants replied and stated, "Monday is a Federal holiday. I am unavailable until Tuesday afternoon and will get back up you then." Counsel also stated, "I am not refusing to participate. I am in the middle of traveling out of country ti a family wedding. I would note when you made a choice to send it to me." Counsel for Plaintiff therefore files this Report on time as ordered by the Court, noting the Defendants' refusal to participate and purported scheduling conflict, disclosed to counsel for the Plaintiff for the first time on January 12, 2024.:

*Background of the Action*

Plaintiff claims that the Defendants called his private telephone number 424-XXX-XXXX from the telephone number 331-216-0496 with a prerecorded message and was provided a callback number of 248-237-4058 at least on August 4, 2023. The Plaintiff contends that there may be other calls from the Defendants. The Plaintiff was transferred from a pre-recorded message to an agent of the Defendants, "Elizabeth," who told him on the August 4 call that the caller was from Defendants and attempted to solicit the Plaintiff for representation in Roundup weed killer litigation claims. The calls were unsolicited. Based on these allegations, the Plaintiff brought this for violations of the TCPA, as the calls were made to his call phone number with a prerecorded message, conduct which is prohibited by the TCPA. The Plaintiff seeks the maximum statutory relief under the TCPA for any violations during the calls.

As a result of this lawsuit, Defendants have asserted class action counterclaims against Plaintiff for fraud, abuse of process, defamation, and a RICO conspiracy. As part of their ever-shifting narrative, Defendants originally asserted that the Plaintiff conspired with third-party defendant "Mark Dombrowski" to "submit[] their phone number as leads," including with the name "Aaron Heering." During the 26(f) conference, counsel for the Plaintiff averred that Mr. Rojas never had any communication with or had ever spoken with these individuals. In response, counsel for the Defendants stated that that would change matters and would render the case a "different story." As a result of this conversation, Defendants appear to have abandoned these claims against "Mark Dombrowski" entirely and instead asserted claims against "Mark Nowicki" in their latest filings. Defendants' latest filings include a "Mark Nowicki" on the pleading page – instead of a Mark Dombrowski. Plaintiff likewise has no clue who "Mark Nowicki" is, let alone spoken with him.

The factual issues in both the affirmative claims and the counterclaims include, but are not limited to, how many telephone calls the Defendants placed to the Plaintiff, the Defendants' marketing practices, including through telemarketing, the content of those calls, and the extent to which, if any, the Plaintiff has ever associated with, spoken with, or knows "Mark Dombrowski," "Aaron Heering," "Mark Nowicki," and/or Matthew Malkowski. The factual issues also will surround the nature of the telephone system used to place calls in this case, including its use of prerecorded voices, together with the unusually cozy relationship between the Defendants and their telephone service provider, Talk IT Pro, and computer service provider, Bezalu, both of which are owned by Malkowski and are in the same building as Defendants. The factual issues also include information contained in the Plaintiff's phone records for communications with the alleged co-conspirator and his whereabouts at the times of the alleged predicate acts, defamatory statements, and acts in furtherance of the alleged conspiracy.

The ESI in this case will surround the Defendants' telephone records, including if they called or have leads in any of the aforementioned individuals' names, as alleged in their counterclaim. As for legal issues, the Plaintiff will need to demonstrate that the Defendants' conduct violates the TCPA, and the Defendants will need to demonstrate, with particularity, the exact allegedly fraudulent conduct committed by the Plaintiff, how the Plaintiff has engaged in abuse of process, how the Plaintiff has defamed the Defendants, including specifically pleading the content of said defamatory communications and how they constitute defamation under applicable law, as well as the legal elements of a RICO conspiracy, including the existence of one or more predicate acts in concert with one or more co-conspirators. Defendants also bring class action claims against Plaintiff, which Plaintiff disputes. Furthermore, Plaintiff believes Defendants will be unable to meet FED. R. CIV. P. 23's legal requirements.

*Proposed Discovery Plan*

The Plaintiff respectfully requests he be provided until February 29 to join parties or amend his complaint. The Parties have discussed and jointly propose six months for fact discovery, to conclude May 31, 2024. The Plaintiff may need to seek an expert to analyze the telephone systems at issue and another expert depending on how the counterclaims proceed, and if so, the Plaintiff proposes that he be given until May 31, 2024 to designate such experts, with expert discovery to close on June 30, 2024.

Plaintiff requests no changes to the limits to discovery imposed by the Federal Rules of Civil Procedure at this time. Defendants would like to modify the limits outlined in the Federal Rules of Civil Procedure as to both interrogatories and depositions. The Defendants request leave to serve 200 interrogatories because most interrogatories are in reality 10 interrogatories mashed into multiple subparts and because this case requires 200 interrogatories. The Defendants also request leave to take more than 10 depositions, but do not yet know who the additional deposed parties will be. Plaintiff does not believe the scope of this case requires the limits be exceeded and expressly objected to the Defendants' request as patently abusive.

The Parties respectfully request that they be provided until July 31 to file dispositive motions. They will be ready for trial shortly thereafter, preferably in September or October time to beat the holiday rush. Each side will require approximately between a week to 10 days total to present their respective cases-in-chief.

*Existing / Anticipated Discovery Disputes and Dispositive Motions*

The Plaintiff has served discovery on the Defendants and is awaiting a response. In addition, the Plaintiff has served subpoenas on Defendants' telephone service provider, Talk IT Pro, LLC, seeking Defendants' calling records. The Defendants filed a motion to quash and

motion for protective order (ECF No. 22), to which the Plaintiff has filed a response (ECF No. 23) and is accordingly ripe for disposition. Plaintiff also wishes to bring to the Court's attention that the Defendants' telephone service provider, Talk IT Pro, LLC, which operates in the same building as Defendants and about which Defendant Ayar posted a Google review saying that they are "not your typical phone company," has suspiciously objected to the subpoena served upon them on nearly identical grounds to the Defendants' motion to quash. In the event Plaintiff is unable to resolve these objections with Talk IT Pro informally, the Plaintiff intends to amend the complaint to add Talk IT Pro and Mr. Malkowski as Defendants, seek a court order compelling production, or both. The Plaintiff intends to seek summary judgment on both his affirmative claims and counterclaims.

RESPECTFULLY SUBMITTED AND DATED this January 12, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on January 12, 2024, which will automatically send a copy to all attorneys of record on the case.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong
> Perrong Law LLC
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> *Attorney for Plaintiff*