UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORGE ALEJANDRO ROJAS,

        Plaintiff,        Civil Action No. 23-12140
                                      Honorable Linda V. Parker
v.                                      Magistrate Judge Elizabeth A. Stafford

DV INJURY LAW PLLC, *et al.*,

        Defendants.
_____/

## NOTICE TO APPEAR FOR SETTLEMENT CONFERENCE

**TAKE NOTICE** that the above-entitled matter has been scheduled for settlement proceedings on **TUESDAY, MAY 28, 2024, at 10:00 a.m.** before Magistrate Judge Elizabeth A. Stafford virtually via Zoom. **The parties must strictly comply with these requirements**:

1. Two weeks before the settlement conference, the parties must **exchange statements** that are no more than ten pages and with exhibits that total no more than ten pages, and must include the following **clearly marked sections**:

   a. A brief description of the background and nature of the case.
   b. The party's perceived strengths.
   c. A statement identifying each cause of action at issue, and the remedies available under each of those causes of action.

2. Within the week after the parties exchange their statements, counsel must **meet and confer in good faith**. During the meeting, the attorneys must exchange good-faith and realistic offers to settle. By the settlement conference, each party must have made a good faith offer of settlement.

3. Seven days before the settlement conference, each party must submit by email **(efile_stafford@mied.uscourts.gov) both** a copy of the settlement statement that it submitted to the opposing party, **and** a confidential, ex-parte addendum directly to the chambers of the Honorable Elizabeth A. Stafford, United States Magistrate Judge.  DO NOT FILE THESE STATEMENTS WITH THE COURT.  The addendum must include:

    a. The party's perceived weaknesses.
    b. Any confidential information the party wants to share with the Court.
    c. A summary of the pre-conference settlement discussions, including the **specific amount** of any offers and counter-offers that were exchanged.  **Settlement discussions that took place more than two weeks before the settlement conference do not satisfy this requirement.**
    d. The **specific amount** of the party's opening settlement offer, to be shared with the opposing side, for the purpose of the conference.

4. Attorneys **must prepare** their clients for the settlement conference as directed on the **attached Attorney Settlement Conference Preparation.**  At the settlement conference, the parties and their attorneys are expected to conduct themselves in a business-like manner and to negotiate in good faith.

5. **Individuals with full settlement authority must be personally present at settlement conferences**.  For the plaintiff(s), "full settlement authority" means the authority to dismiss the complaint with prejudice in exchange for a settlement.  For the defendant(s), "full settlement authority" is defined as the full relief requested in the lawsuit or the relief requested by the last settlement demand.  If an insurance company agent holds the full settlement authority, such agent must be present at the conference.  **If a party appears at the conference with authority to settle for only less than full settlement authority, the Court will reschedule the conference.**

    **IF THE PARTIES DO NOT TIMELY SUBMIT THEIR SETTLEMENT STATEMENTS, THE COURT WILL RESCHEDULE OR CANCEL THE CONFERENCE.**


Dated: March 6, 2024    s/Elizabeth A. Stafford
                       ELIZABETH A. STAFFORD
                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing notice was served upon the parties and/or counsel of record herein by electronic means or first class U.S. mail.

Dated: March 6, 2024    s/Marlena Williams
                       MARLENA WILLIAMS
                       Case Manager