IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jorge Alejandro Rojas<br><br>   Plaintiff,<br><br>v.<br><br><br>DV Injury Law PLLC, Venar Raad Ayar, and Daniel P. Heilbrun<br><br>   Defendants.<br><br>*And Associated Counterclaims and Third Party Claims* | Case No. 2:23-cv-12140-LVP-EAS<br><br><br>**JURY TRIAL DEMANDED<br>JUDGE PARKER<br>MAGISTRATE J. STAFFORD** |

### MOTION TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF JORGE ALEJANDRO ROJAS

Plaintiff/Counter-Defendant, Jorge Alejandro Rojas ("Plaintiff"), pursuant to FED. R. CIV. P. 68, moves this Court to enter judgment in his favor in the amount of $1,500 as to his affirmative claims. Plaintiff submits the attached proposed Judgment he seeks this Court to enter, in a form which has been approved in substantially the same form by this Court. *See, e.g.*, *Toben v. Red House Medical Billing MI LLC*, No. 2:21-cv-12293 (ECF No. 22) (E.D. Mich. Mar. 15, 2022). The proposed judgment follows Plaintiff/Counter-Defendant's acceptance of Defendants/Counter-Plaintiffs' ("Defendants") offer of judgment. (ECF No. 32). Plaintiff timely filed notice of acceptance on March 28, 2024. (ECF No. 32). Plaintiff now respectfully moves the Court to direct the Clerk to enter judgment in

this matter so that Plaintiff may file a bill of costs. Plaintiff has filed this as an individual motion, and not as a stipulation, because the parties appear to disagree on the form of the judgment the Court is to enter. Defendants' proposed form of judgment would dismiss Mr. Rojas' claims against Defendants and not necessarily enter judgment against them. As explained more fully in the accompanying brief in support, this is unacceptable since it runs contrary to the explicit text of Rule 68.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jorge Alejandro Rojas<br><br>    Plaintiff,<br><br>  v.<br><br>DV Injury Law PLLC, Venar Raad Ayar, and Daniel P. Heilbrun<br><br>    Defendants.<br><br>*And Associated Counterclaims and Third Party Claims* | Case No. 2:23-cv-12140-LVP-EAS<br><br>**JURY TRIAL DEMANDED<br>JUDGE PARKER<br>MAGISTRATE J. STAFFORD** |

### BRIEF IN SUPPORT OF MOTION TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF JORGE ALEJANDRO ROJAS

FED. R. CIV. P. 68 provides that a defendant "may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*." FED. R. CIV. P. 68(a) (emphasis added). If, within 14 days of being served, the plaintiff "serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk *must then enter judgment*." *Id*. (*emphasis added*). The Sixth Circuit has described operation of Rule 68 as "mandatory," explaining that it "leaves no discretion in the district court

3

to do anything but enter judgment once an offer had been accepted." *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991).

Pursuant to Rule 68's mandate, the Plaintiff must have judgment entered in his favor and against the Defendants since he has accepted the Defendants' offer. Ordinarily, such judgment is a ministerial act which must be accomplished by the Clerk. *Oates v. Oates*, 866 F.2d 203, 208 (6th Cir. 1989). Moreover, Rule 68 requires the taxation of costs outlined in 28 U.S.C. § 1920. *Fulps v. City of Springfield, Tenn.*, 715 F.2d 1088, 1091 (6th Cir. 1983). Therefore, only the entry of judgment in Plaintiff's favor will permit him to proceed to tax the costs permitted by Rule 68's explicit mandate. *See Oates*, 866 F.2d at 208. (holding that clerk failed to meet Rule 68's ministerial mandate by refusing to enter judgment because of dispute as to whether attorney's fees were taxable as costs).

The offer of judgment made by Defendants enters *judgment* in Plaintiff's favor as to Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. In this litigation in particular, the entry of judgment in Plaintiff's favor, in strict adherence to Rule 68's mandate, is even more important. Defendants have also filed a counterclaim against Plaintiff and third-party claims against third-party Defendants for defamation, fraud, abuse of process, and RICO. Plaintiff denies these allegations and notes that Defendants have yet to file a proof of service as to service on the added third-party Plaintiff. Mr. Dombrowski was

added on November 28, 2023, and any service would have needed to be completed by February 26, 2024, pursuant to FED. R. CIV. P. 4.

As will be explained in greater detail at summary judgment, acceptance of the offer of judgment also moots Defendants' counterclaims and third-party claims. But even if the acceptance does not *explicitly* moot such claims, they fail even more so now that Plaintiff has accepted Defendants' own offer of judgment. By virtue of the acceptance of Defendants' offer of judgment, Plaintiff has become the "prevailing party" in the litigation. *Pietrowski v. Merchants & Med. Credit Corp.*, 256 F.R.D. 544, 553 (E.D. Mich. 2008). A party is the prevailing party under FED R. CIV. P. 54(d) even when it is only partially successful, as here, where the Plaintiff has only prevailed thus far in his affirmative claims. *Zackaroff v. Koch Transfer Co.*, 862 F.2d 1263, 1265–66 (6th Cir. 1988). And a party may nevertheless be said to "prevail" whenever there is a "judicially sanctioned change in the legal relationship of the parties," such as when it obtains a judgment in its favor, even if that judgement is the result of a settlement or consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604-05 (2001).

As a result, Defendants lack any standing to continue to sue for claims which, as alleged by Defendants, arose out of the affirmative claims that gave rise to this case. Notwithstanding this fact, to be developed at summary judgment,

Plaintiff recognizes that Defendants' position is that the offer of judgment and its acceptance does not alter the claims against Plaintiff at this time, by its explicit text.

Because Rule 68 directs that "the clerk *shall* enter judgment after proof of offer and acceptance have been filed," the Rule expressly contemplates that "the district court possesses no discretion to alter or modify the parties' agreement." *Mallory*, 922 F.2d at 1279. (emphasis original). Entry of a Rule 68 judgment is therefore "ministerial rather than discretionary." *Id*. Its purpose "is to encourage settlement and avoid litigation." *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 624 (6th Cir. 2005) (quoting *Marek v. Chesny*, 473 U.S. 1, 5 (1985)). "The rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Mallory*, 922 F.2d at 1277 (quoting *Marek*, 473 U.S. at 5); *McClain v. Hanna*, 2:19-cv-10700, at *7-8 (E.D. Mich. May 31, 2019).

For the foregoing reasons, pursuant to FED. R. CIV. P. 68, Plaintiff requests the Clerk enter judgment against Defendants in the amount of the accepted offer of judgment in the attached form, which, as noted, has previously been used and approved by this Court. Plaintiff will then file an appropriate bill of costs and such other motions as may be necessary to finalize this litigation.

Dated: April 12, 2024

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong
PA Bar # 333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

## LOCAL RULE 7.1 CERTIFICATION

In accordance with Local Rule 7.1(a)(1), I state that concurrence to file this motion was not obtained. In accordance with Local Rule 7.1(a)(2)(A), a copy of the proposed entry of judgment sought to be entered by this motion was sent to counsel for the Defendants seeking concurrence for the Court's entry of judgment, although, as outlined herein, no such concurrence is required. In accordance with Local Rule 7.1(a)(2)(B), a conference was not conducted because counsel for the Defendants did not respond and instead *sua sponte* emailed a proposed judgment of its own to the Civil Deputy for the Judge assigned to this case.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong
Perrong Law LLC

*Attorney for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing via ECF on April 12, 2024, which will automatically send a copy to all attorneys of record on the case.

>  */s/ Andrew Roman Perrong*
> Andrew Roman Perrong
> Perrong Law LLC
>
> *Attorney for Plaintiff*