IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JORGE AJEJANDRO ROJAS,
Plaintiff/Counter-Defendant,

vs.

DV INJURY LAW PLLC,
VENAR RAAD AYAR and
DANIEL P. HEILBRUN,
Defendants/Counter-Plaintiffs/
Third-Party Plaintiffs, et al.

Case. No. 2:23-cv-12140-LVP-EAS
Hon. District Court Judge Linda V. Parker
Hon. Magistrate Judge Elizabeth A. Stafford

## DEFENDANTS' RESPONSE AND BRIEF TO PLAINTIFF'S MOTION TO ENTER JUDGMENT IN FAVOR OF PLAINTIFF JORGE ALEJANDRO ROJAS

Defendants response to Plaintiff's Motion as follows:

1. On March 15, 2024 Defendants filed their Offer of Judgment Pursuant to Rule 68: "Defendant make the following Offer of Judgment pursuant to Rule 68: Defendants pay Plaintiff $1,500.00 ($1,500.00) in exchange for a Dismissal With prejudice of Plaintiff's Complaint:"

2. On March 15 and March 21 Ms. Barron emailed Mr. Teicher that "We are in recent of your Offer of Judgment. Does your Offer of Judgment include a dismissal of the counterclaim? Please advise at your earliest possible convenience. Thanks." Mr. Perrong was cc'ed.

3. On March 21 Mr. Teicher responded "The Offer of Judgment includes all provisions of the Offer. It does not include anything about the Counterclaim. You can call me should you wish to discuss a settlement of the Counterclaim." Mr. Perrong was cc'ed. On March 22, 2024 Ms. Barron telephoned Mr. Teicher to discuss a potential separate settlement to the Counterclaim.

4. On March 28, 2024 Plaintiff accepted Defendants' Offer of Judgment Pursuant to Rule 68.

5. On April 5, 2024 Mr. Teicher emailed opposing counsels a proposed order including that Defendants pay Plaintiff $1,500.00 and the Complaint would be dismissed. Plaintiff objected and wanted a Judgment. Defendants submitted a different order.

6. Rule 68 allows "a party defending a claim may serve on an opposing party an offer to allow judgment on specified terms".

7. From the emails and telephone call it is clear that on March 28 Plaintiff knew or should have known he was accepting $1,500.00 on his case from the Defendants and that the Counterclaim was not included in the deal and would continue.

8. In Plaintiff's Motion there is a discussion about attorney fees, costs, prevailing parties and a bill of costs. Rule 68 specially deals with this. Only if the offer is rejected and the offeree does not obtain a judgment more favorable than the offer, that then the offeree must pay costs incurred after the offer was originally made. The trigger for costs under Rule 68 is a rejection of the offer. Here the trigger never took place. The Plaintiff accepted the offer.

9. Plaintiff relies upon *Pietrowski v. Merchants & Med. Credit Corp.,* 256 F.R.D. (E.D. Mich. 2008). This reliance is misplaced as the Court held that the Plaintiff was denied all attorney fees and costs. Pietrowski rejected an offer of judgment, went to trial and the jury found liability for the Plaintiff but awarded no damages. Pietrowski argued he had prevailed. The Court held he had not prevailed because he had rejected the offer and not done better than the offer. Therefore the Plaintiff's request for attorney

fees and costs was denied. Interestingly, the Court did grant Defendant's request for attorney fees and costs.

10. Plaintiff also relies on *Zackaroff v Koch Transfer Co.,* 862 F.2d 1263 (6th Cir. 1988). This case is distinguished from our case at bar as it relates to an Offer of Judgment by the Defendant and a rejection by Plaintiff and a jury trial, thereby opening the argument to attorney fees and costs. In our case the Offer of Judgment was accepted and under Rule 68 the issue of attorney fees and costs are closed.

11. The third case articulated by Plaintiff is *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health|& Hum. Res.* 532 U.S. 598 (2001). As with the above case, the Court denied Plaintiff's request for attorneys fees and costs. The Plaintiff operated assisted living residences that failed a fire marshal's inspection. The Plaintiff brought its case under the Fair Housing Amendments Act (FHAA) and Americans with Disabilities Act (ADA). There was no Offer of Judgment – accepted or rejected. However, the Court held that "under the American Rule, parties are ordinarily required to bear their own attorney's fee sand costs, and courts are ordinarily not awarding fees to a prevailing party absent statutory authority….". Id, at 591. Applying that logic to the case at bar, Plaintiff Rojas sued under the Telephone Consumer Protection Act (TCPA) 47 U.S.C. 727. The TCPA does not provide for attorney fees or costs, even to the prevailing party. Therefore, under the logic of this U.S. Supreme Court decision, Plaintiff Rojas has no basis for attorney fees and costs.

Wherefore, Defendants request this Court enter an Order consistent with the Offer of Judgment Pursuant to Rule 68 and such other relief as is deemed appropriate.

Respectfully submitted,

*/S/ Mark L. Teicher (P34301)*

Dated: April 23, 2024

## CERTIFICATE OF SERVICE

On April 23, 2024 I served opposing counsels by filing via the Court's ECF system, via email and via first class U.S. Mail.

*/S/ Mark L. Teicher (P34301)*

Dated: April 34, 2024