IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jorge Alejandro Rojas<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>DV Injury Law PLLC, Venar Raad Ayar, and Daniel P. Heilbrun<br><br>　　　　Defendants.<br><br>*And Associated Counterclaims and Third Party Claims* | Case No. 2:23-cv-12140-LVP-EAS<br><br><br>**JURY TRIAL DEMANDED**<br>**JUDGE PARKER**<br>**MAGISTRATE J. STAFFORD** |

### REPLY IN SUPPORT OF
### MOTION TO ENTER JUDGMENT IN FAVOR OF
### PLAINTIFF JORGE ALEJANDRO ROJAS

FED. R. CIV. P. 68 provides that a defendant "may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued*." FED. R. CIV. P. 68(a) (emphasis added). Defendant is incorrect in its assertion that taxation of costs only applies to unaccepted offers of judgment. Acceptance of a Rule 68 offer plainly requires this Court to tax costs, even if the offer is silent as to costs, as the Supreme Court has explained:

> The critical feature of this portion of the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued*. In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the

> plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion.

*Marek v. Chesny*, 473 U.S. 1, 6 (1985) (emphasis original).

Explaining *Marek*, the Seventh Circuit has clarified that an accepted Rule 68 offer necessarily includes costs and attorney's fees when permitted by the statute authorizing the underlying cause of action, even when such award is not made in the text of the offer:

> [I]f the offer does not state costs . . . the *court will be obliged by the terms of the Rule to include . . . costs*. [Defendant's] offer was silent as to costs and fees. Pursuant to *Webb* and *Nordby,* we resolve the ambiguity against the offeror. [Plaintiff] is entitled to attorney fees and costs under the Rule 68 offer she accepted. The judgment of the district court denying fees and costs is reversed and the case is remanded for an appropriate award of attorney fees and other costs, and for further proceedings consistent with this opinion.

*Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 694 (7th Cir. 2013) (citing *Marek*), (emphasis added).

Our very own Sixth Circuit has agreed, stating, "[Defendant's] silence on the subject of costs in its Rule 68 offer means that true costs are recoverable by [Plaintiff], so that the district court erred in disallowing them." *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 564 (6th Cir. 2004) (citing *Marek*). There can be no question that this Court must tax costs against the Defendant. To be clear, the Plaintiff does *not* seek taxation of attorney's fees because the statute authorizing

2

the cause of action, the Federal Telephone Consumer Protection Act, does not permit an award of attorney's fees. *E.g.*, *Pascal v. Concentra, Inc.*, No. 19-CV-02559-JCS, 2019 WL 3934936, at *4 (N.D. Cal. Aug. 20, 2019) ("It is undisputed that attorneys' fees are unavailable under the TCPA."). The Plaintiff seeks only costs that are taxable under federal and local rules. 28 U.S.C. § 1920; E.D. Mich. L.R. 54.1.

Relatedly, although the court must *sua sponte* dismiss the counterclaims at any time under FED R. CIV. P. 12(h)(3) for lack of subject matter jurisdiction if it finds they have been mooted, no part of Plaintiff's motion requires or requests that the Court dismiss the counterclaims or contends that the offer of judgment explicitly dismissed them. Plaintiff included discussion of the counterclaim issue to clarify the Defendant's position and summarize for the Court one of Plaintiff's arguments at upcoming summary judgment, which is that by virtue of acceptance of the offer and entry of judgment in Plaintiff's favor, the counterclaims are moot.

Pursuant to Rule 68's mandate, the Plaintiff must have judgment entered in his favor and against the Defendants since he has accepted the Defendants' offer. Additionally, that judgment must award costs, but not attorney's fees, which are not permitted by statute, to Plaintiff, as required by the explicit text of Rule 68(a) and confirmed by the Supreme Court in *Marek*. This Court must also dismiss the counterclaims at any time, *sua sponte*, for lack of subject matter jurisdiction if it

3

deems they are moot or otherwise determines that there is no "case" or "controversy" as required under the Constitution. U.S. CONST. art. III, § 2, cl. 1; FED R. CIV. P. 12(h)(3); *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (holding federal courts lack subject matter jurisdiction over moot cases). There is no just reason for delay. The Court must enter judgment in Plaintiff's favor and against the Defendant forthwith because the Plaintiff has accepted the offer of judgment.

Dated: April 23, 2024

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong
PA Bar # 333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on April 23, 2024, which will automatically send a copy to all attorneys of record on the case.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong
Perrong Law LLC

*Attorney for Plaintiff*

4