IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Jorge Alejandro Rojas,
Plaintiff/Counter-Defendant,
v.
DV Injury Law PLLC, Venar Raad
Ayar, and Daniel P. Heilbrun,
Defendants/Counter-Plaintiffs/Third-
Party Plaintiffs.
v.
Mark Dombrowski,
Third-Party Defendant.

Case No. 2:23-cv-12140-LVP-EAS
Hon. Judge Linda V. Parker
Hon. Magistrate Elizabeth A. Stafford

## PLAINTIFF/COUNTER DEFENDANT JORGE ALEJANDRO ROJAS' MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)6

NOW COMES the Plaintiff/Counter-Defendant, JORGE ALEJANDRO ROJAS, by and through his attorneys and respectfully request this Honorable Court grant his motion, dismissing Counts I, II, III and IV and award Plaintiff/Counter-Defendant ROJAS costs and attorney's fees incurred in bringing this Motion, and any other further relief this Court deems just and equitable. In support of his motion, Plaintiff/Counter-Defendant JORGE ALEJANDRO ROJAS relies on the subsequent brief below.

Respectfully Submitted,

/s/ *Jeanne V. Barron*
JEANNE V. BARRON (P37138)
Counsel for **Plaintiff/**
**Counter-Defendant Rojas**
Johnston, Sztykiel, Hunt,

i

Fraser, Gold & Barron P.C.
3250 W. Big Beaver Rd., Suite 500
Troy, MI 48084
Dated: June 14, 2024                    (248) 641-1800


**BRIEF IN SUPPORT OF PLAINTIFF/COUNTER DEFENDANT JORGE
ALEJANDRO ROJAS' MOTION FOR DISMISSAL
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**\*\*ORAL ARGUMENT REQUESTED\*\***

# **TABLE OF CONTENTS**

Table of Contents................................................................................iii

Table of Authorities............................................................................v

Concise Statement of Issues Presented..............................................ix

Controlling or Most Appropriate Athority..........................................x

Statement of Facts...............................................................................1

Standard of Review.............................................................................3

Argument.............................................................................................5

I.      THE COURT SHOULD GRANT PLAINTIFF/COUNTER-DEFENDANT JORGE ALEJANDRO ROJAS' MOTION FOR DISMISSAL AS DEFENDANTS/COUNTER-PLAINTIFFS' CLAIMS ARE MOOT SINCE PLAINTIFF/COUNTER-DEFENDANT ACCEPTED DEFENDANT/COUNTER-PLAINTIFF'S OFFER OF JUDGMENT.............................................................................5

    A. Fed. R. Civ. P. 68: Offer of Judgment……………………….……...5
    B. Entry Of Judgment Is An Admission Of Liability Of The Offeror….…..6

II.     THE COURT SHOULD GRANT PLAINTIFF/COUNTER-DEFENDANT JORGE ALEJANDRO ROJAS' MOTION FOR DISMISSAL AS DEFENDANTS/COUNTER-PLAINTIFFS' COMPLAINT FAILS TO MAKE A PRIMA FACIA CASE FOR ITS CLAIMS OF ABUSE OF PROCESS, FRAUD, DEFAMATION AND RICO.................................................................................9

    A. Defamation…………………………………………..………..9
    B. Fraud………………………………………………………......11
    C. Abuse of Process……...………………………………….……14
    D. Racketeer and Corrupt Organizations (RICO) Act…………………..16

III.    THE COURT SHOULD GRANT PLAINTIFF/COUNTER-DEFENDANT JORGE ALEJANDRO ROJAS' MOTION FOR DISMISSAL AS DEFENDANTS/COUNTER-PLAINTIFFS LACK

STANDING UNDER ARTICLE III, AS THERE IS NO CASE OR CONTROVERSY…………………………….....................................18

Conclusion and Relief Requested………………………………………………….....19

Certificate of Service…………………………………………………………............19

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*American Transmission, Inc. v Channel 7 of Detroit, Inc.*,
239 Mich App 695 (2000)................................................................9,10

*Andretti v. Borla Performance Industries, Inc.*,
426 F.3d 824 (6th Cir. 2005).................................................................7

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009) .............................................................................4

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*,
502 F.3d 545 (6th Cir. 2007)................................................................4

*Aynes v. Space Guard Prod., Inc.*,
201 F.R.D. 445 (S.D. Ind. 2001) .........................................................7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................4, 11

*Boyle v. United States*,
556 U.S. 938 (2009) ....................................................................... 16,18

*Broyde v. Gotham Tower, Inc.*,
13 F.3d 994 (6th Cir. 1994)...................................................................3

*Chathas v. Local 134 Int'l Bhd. of Elec. Workers*,
233 F.3d 508 (7th Cir. 2000)................................................................7

*Dalley v. Dykema Gossett, P.L.L.C.*,
287 Mich. App. 296 (2010)................................................................14

*Delta Air Lines, Inc. v. August.*,
450 U.S. 346 (1981) .........................................................................5, 7

*Early Detection Ctr., P.C. v. New York Life Ins. Co.*,
  157 Mich. App. 618 (1986)................................................................15

*Fisher v. Perron*,
  2021 U.S. Dist. LEXIS 5524 (2021)................................................10

*Gray v. Florida First Financial Group, Inc.*,
  No. 8:04-cv-308-T-24MSS (M.D. Fl, 2004)......................................8

*Holmes v. Sec. Investor Prot. Corp.*,
  503 U.S. 258 (1992)........................................................................18

*Hopper v. Euclid Manor Nursing Home, Inc.*,
  867 F.2d 291 (6th Cir. 1989)............................................................6

*Jacovetti L., P.C. v. Shelton*,
  2020 WL 5211034 (E.D. Pa. Sept. 1, 2020)....................................17

*Lawrence v. Burdi*,
  314 Mich. App. 203 (2016)...............................................................9

*Mallory v. Eyrich*,
  922 F.2d 1273 (6th Cir. 1991)..........................................................6

*Marek v Chesney*,
  473 U.S. 1 (1985).............................................................................5

*Mayer v. Mylod*,
  998 F.2d 635 (6th Cir. 1993)............................................................3

*Mey v. Castle Law Grp., PC*,
  2020 U.S. Dist. LEXIS 174894 (N.D.W. Va. Sep. 22, 2020).........12

*Montgomery v Fla. First Fin. Group Inc.*,
  2008 WL 3540374 (M.D. Fla. Aug. 12, 2008)..............................7, 8

*Montgomery v. Huntington Bank*,
  346 F.3d 693 (6th Cir. 2003)............................................................4

vi

*Morgan v. Church's Fried Chicken*,
    829 F.2d 10 (6th Cir. 1987)...........................................................................4

*MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*,
    197 F.3d 1276 (9th Cir. 1999)......................................................................7

*Pigeaud v. McLaren*,
    699 F.2d 401 (7th Cir.1983).........................................................................9

*RMI Titanium Co. v. Westinghouse Elec. Corp.*,
    78 F.3d 1125 (6th Cir. 1996)........................................................................3

*Rouch v. Enquirer & News of Battle Creek*,
    427 Mich. 157 (1986).................................................................................11

*Scosche Indus., Inc. v. Visor Gear Inc.*,
    121 F.3d 675 (9th Cir. 1997)........................................................................8

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)...................................................................................18

*Titan Ins Co v Hyten*,
    491 Mich 547 (2012)..................................................................................11

*Trollinger v. Tyson Foods, Inc.*,
    370 F.3d 602 (6th Cir. 2004).......................................................................18

*United States v. Johnson*,
    440 F.3d 832 (6th Cir. 2006).......................................................................17

*United States v. Turkette*,
    452 U.S. 576 (1981)...................................................................................17

*Young v. Motor City Apartments Ltd. Dividend Housing Ass'n No. 1 & No. 2*,
    133 Mich. App. 671 (1984).........................................................................15

**STATUTES**

18 U.S.C. § 1341 .................................................................................................16

18 U.S.C. § 1343 ....................................................................................................16

18 U.S.C. § 1961(1)(A)..........................................................................................16

18 U.S.C. § 1961(1)(B)..........................................................................................16

18 U.S.C. § 1962 ....................................................................................................18

18 U.S.C. § 1962(c) ...............................................................................................16

18 U.S.C. § 1964(c) ...............................................................................................18

47 USC § 227 .......................................................................................................1, 2

47 U.S.C. § 227(b)(3)..............................................................................................13

**FEDERAL RULES**

Fed. R. Civ. P. 9(b) ................................................................................................12

Fed. R. Civ. P. 12(b)(6)......................................................................................3, 19

Fed. R. Civ. P. 23 ....................................................................................................2

Fed. R. Civ. P. 68 ....................................................................................................5

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.    Should the Court Grant Plaintiff/Counter-Defendant Jorge Alejandro Rojas' Motion for Dismissal as Defendant/Counter-Plaintiffs Claims Are Moot Since Plaintiff/Counter-Defendant Accepted Defendant/Counter-Plaintiff's Offer of Judgement?

PLAINTIFF/COUNTER DEFENDANT ANSWER: **YES**
DEFENDANTS/COUNTER PLAINTIFFS WOULD ANSWER: **NO**

II.   Should the Court Grant Plaintiff/Counter-Defendant Jorge Alejandro Rojas' Motion for Dismissal as Defendant/Counter-Plaintiff's Complaint Fails To Make a Prima Facia Case For Its Claims of Abuse of Process, Fraud, Defamation and RICO?

PLAINTIFF/COUNTER DEFENDANT ANSWER: **YES**
DEFENDANTS/COUNTER PLAINTIFFS WOULD ANSWER: **NO**

III.  Should the Court Grant Plaintiff/Counter-Defendant Jorge Alejandro Rojas' Motion for Dismissal as Defendant/Counter-Plaintiffs Lack Standing Under Article III and There is no Actual Case or Controversy?

PLAINTIFF/COUNTER DEFENDANT ANSWER: **YES**
DEFENDANTS/COUNTER PLAINTIFFS WOULD ANSWER: **NO**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**CASES**

*Mallory v. Eyrich*, 922 F.2d 1273 (6th Cir. 1991)

*Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824 (6th Cir. 2005)

*Montgomery v Fla. First Fin. Group Inc.*, 2008 WL 3540374 (M.D. Fla. Aug. 12, 2008)

*Lawrence v. Burdi*, 314 Mich. App. 203 (2016)

*Ashcroft v. Iqbal*, 566 U.S. 662 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

*Marek v Chesney*, 473 U.S. 1 (1985)

*Titan Ins Co v Hyten*, 491 Mich 547 (2012)

*Mey v. Castle Law Grp., PC*, 2020 U.S. Dist. LEXIS 174894 (N.D.W. Va. Sep. 22, 2020)

*Dalley v. Dykema Gossett, P.L.L.C.*, 287 Mich. App. 296 (2010)

*Boyle v United States*, 556 U.S. 938 (2009)

*Jacovetti L., P.C. v. Shelton*, 2020 WL 5211034 (E.D. Pa. Sept. 1, 2020)

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016)

**STATUTES**

18 U.S.C. § 1962(c)

## **STATEMENT OF FACTS**

Plaintiff/Counter-Defendant Jorge Rojas, ("Plaintiff") brought a complaint in the United States District Court for the Eastern District of Michigan on August 21, 2023 under the Telephone Consumer Protection Act, TCPA 47 USC § 227 against defendants, DV Injury Law, PLLC, Venar Raad Ayar, and Daniel Helbrun ("Defendants"). (PageID.1) Plaintiff maintained a residential cellular telephone line and he registered his phone number on the Federal *do not call* registry. (PageID.3-4) The Defendants used a lead generator call center to make telephone calls on behalf of one or more law firms who are looking for potential clients for legal claims such as "round-up product liability." (PageID.4)

The Defendants called Plaintiff on or about August 4, 2023, at 2:24 p.m. Chicago time, where the caller identification number was unknown. *Id.* The telephone number was spoofed, so it prompted Plaintiff to answer the telephone. *Id.* When Plaintiff answered the telephone, he heard a beep, followed by a female pre-recording. *Id.* Plaintiff was ultimately connected to an individual named "Elizabeth," who said she was calling regarding round-up product liability claims. (PageID.5) "Elizabeth" provided a firm name of the DV Injury Law and the website of the DVInjuryLaw.com. *Id.* Rojas never provided consent to be called or texted by Defendants, and the impersonal and generic nature of Defendants' calls showed that Defendants utilized an automatic telephone dialing system in making the call. *Id.*

1

Rojas then filed a lawsuit alleging one count of Violation of the TCPA's Automated Telemarketing Call provision. (PageID.7)

On or about November 28, 2023, Defendants then filed a Counter-Complaint alleging four counts: Count I – Violation of the Racketeer and Corrupt Organizations (RICO Act); Count II – Fraud; Count III – Abuse of Process and Count IV – Defamation. (PageID.49-55).

Defendants have alleged that Plaintiff worked in concert with co-Defendant Mark Dombrowski in formulating a plan using fake names and submitting their phone numbers as leads in order to induce companies to call them in violation of the TCPA, 47 USC § 227. *Id.* However, Defendants failed to properly serve Mark Dombrowski within the time allotted by the summons. Currently pending before the Court is a Show Cause Order for Defendants to explain why Mr. Dombrowski was never served and should not be dismissed from this action. (PageID.150) Interestingly, Mr. Rojas has never met or interacted with Defendant Mark Dombrowski, and certainly has never engaged in any kind of fraud or conspiracy. Defendants have titled their claim as a "Class Action" Counterclaim and Third-Party Complaint. (PageID.49) However, no class has ever been certified and the pleadings do not comport with Fed. R. Civ. P. 23 and should therefore any reference to a class action should be disregarded.

On December 7, 2023 Defendants made an Offer of Judgment to Plaintiff in the amount of $10, which was rejected by the Plaintiff. On March 15, 2024, Defendants made a second Offer of Judgment in the amount of $1,500 pursuant to Rule 68. (PageID.121). The language of the offer states, "Defendants make the following offer of judgment and pursuant to Rule 68: Defendants pay plaintiff $1,5000 (One-Thousand Five-Hundred Dollars) in exchange for a dismissal with prejudice of Plaintiff's Complaint." Plaintiff timely filed notice of acceptance on March 28, 2024. *Id.* Plaintiff then filed a Motion for Entry of Judgment (PageID.131-137) which is still pending before this court. There is no dispute that Plaintiff accepted the Offer of Judgment of $1,500 which is the <u>full amount allowable under the TCPA statute</u>.

## **STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). When considering a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 998 F.2d 635, 638 (6th Cir. 1993).

Where a complaint fails to state a claim because it lacks sufficient factual support, a motion to dismiss is also proper. *Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 696. To survive a Rule 12(b)(6) motion to dismiss, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The Court "need not accept as true, legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In deciding whether the plaintiff has set forth a plausible claim, the Court accepts the factual allegations in the complaint as true, but this presumption is not applicable to legal conclusions. *Ashcroft*, 566 U.S. at 696.

"[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are

4

central to a plaintiffs claim or are sufficiently referred to in the Complaint. *Id.* at 396-97.

## ARGUMENT

I. **THE COURT SHOULD GRANT PLAINTIFF/COUNTER-DEFENDANT JORGE ALEJANDRO ROJAS' MOTION FOR DISMISSAL AS DEFENDANT/COUNTER PLAINTIFFS CLAIMS ARE MOOT SINCE PLAINTIFF/COUNTER-DEFENDANT ACCEPTED DEFENDANT/COUNTER-PLAINTIFF'S OFFER OF JUDGMENT**

### A. Fed. R. Civ. P. 68: Offer of Judgment

"At any time more than 10 days before the trial begins, a party defending a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the first party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service therefore and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

The primary purpose of Rule 68 is to encourage the compromise and settlement of litigation. *Delta Air Lines, Inc. v. August.*, 450 U.S. 346, 352 (1981); *Marek v Chesney*, 473 U.S. 1, 5 (1985). "The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits" *Id.* at 5.

5

Rule 68 is distinct from other means of settlement in civil litigation due to the cost-shifting provision. "This provision in essence shifts the risk of going forward with a lawsuit to the complainant, who becomes exposed to the prospect of being saddled with the substantial expense of trial. " *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

### B. <u>Entry Of Judgment Is An Admission Of Liability Of The Offeror.</u>

In this case, Defendant made an Offer of Judgment of $1500 in "exchange for dismissal" to Plaintiff, which Plaintiff timely accepted. (PageID.121) The language of the offer states, "Defendants make the following offer of judgment and pursuant to Rule 68: Defendants pay plaintiff $1,5000 (One-Thousand Five-Hundred Dollars) in exchange for a dismissal with prejudice of Plaintiffs Complaint.

This is the <u>full amount allowable under the statute</u>, not <u>a lesser compromise amount</u>. Furthermore, there is no additional language disclaiming any admission of liability as to the Defendant.  Therefore, once judgment is entered, this is a final judgment, and <u>it is an admission of liability of Defendants</u>. "[A] Rule 68 judgment inherently possesses a significant degree of finality because of the absence of court discretion in its implementation. Its finality is also indicated by the fact that a Rule 68 judgment results from a binding contract." *Mallory v. Eyrich*, 922 F.2d 1273, 1278-79 (6th Cir. 1991).

When interpreting a Rule 68 Offer of Judgment, the court applies general contract principles. *See Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 837 (6th Cir. 2005). Defendants, as the drafters of the Offer of Judgment, could have easily included a provision stating that entry of the judgment should not be construed as an admission of liability. In fact, disclaiming liability in Rule 68 Offers of Judgment appears to be commonplace. *See Aynes v. Space Guard Prod., Inc.*, 201 F.R.D. 445 (S.D. Ind. 2001); *Delta Air Lines, Inc.*, 450 U.S. at 349 n.2 (1981) (noting offer of judgment that contained disclaimer of liability); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1279 (9th Cir. 1999); *Chathas v. Local 134 Int'l Bhd. of Elec. Workers*, 233 F.3d 508, 511 (7th Cir. 2000) (noting that "the essence of the offer was that the preliminary injunction would be made permanent, but that the offer was not to be construed as an admission of liability").

Defendants failed to include this language and, therefore, the judgment on its face, being entered for Plaintiff against Defendant <u>assumes liability on the part of the Defendant.</u>

For example, this issue is discussed in an Eleventh Circuit Court Case which the court may use a point of reference, *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-CV-1639ORL31KR, 2008 WL 3540374 (M.D. Fla. Aug. 12, 2008). In that case, the plaintiff alleged that Florida First engaged in wrongful acts under the FDCPA. Plaintiff asked for $150,000 in punitive damages and argued the high dollar

amount was justified due to an entrenched pattern and practice of the defendants in violation of the statutes. In order to show this pattern, plaintiff referred to another matter involving Florida First engaging in behavior which is violative of the FDCPA, *Gray v. Florida First Financial Group, Inc.*, No. 8:04-cv-308-T-24MSS (M.D. Fl, 2004).

In *Gray*, defendant Florida First was alleged to have sent a letter stating that it was a crime to write a bad check and, unless payment was received, the matter would be turned over to the state attorney for criminal prosecution. *Montgomery* at 11 (citing *Gray*, Case No. 8:04-cv-308-T-24MSS (Doc. No. 51)). The plaintiff then filed suit for violation of the FDCPA. Defendant Florida First then made an Offer of Judgment in the amount of $1,5000, which the plaintiff then accepted, and judgment accordingly was entered.

The plaintiff argued in *Montgomery* that the facts in *Gray* show an admission of liability as to violation of the FDCPA, even though the judgment was entered via Offer of Judgment. The court in *Montgomery* agreed and ultimately held that, because the Offer of Judgment contained no restrictive language disclaiming liability, the court considered it to be <u>a confession of liability</u>. *Montgomery* at 11 (citing *Gray*, Case No. 8:04-cv-308-T-24MSS (Doc. No. 60-2)).

Likewise, other circuits have found liability is confessed in the absence of any restrictive language in the Offer of Judgment. *See Scosche Indus., Inc. v. Visor Gear*

8

*Inc.*, 121 F.3d 675, 678 (9th Cir. 1997) (holding that the offer of judgment constituted an admission of liability); *Pigeaud v. McLaren*, 699 F.2d 401, 402 (7th Cir.1983) (holding that plaintiff cannot be considered a prevailing party because the offer of judgment specified that nothing therein "shall be construed as an admission of liability").

Therefore, because Defendant admits liability to the affirmative claims of Plaintiff (violation of the TCPA) then the other allegations of fraud, defamation, abuse of process and RICO must necessarily fail, as discussed in more detail below.

II.   **THE COURT SHOULD GRANT PLAINTIFF/COUNTER-DEFENDANT JORGE ALEJANDRO ROJAS' MOTION FOR DISMISSAL AS DEFENDANTS/COUNTER-PLAINTIFFS' COMPLAINT FAILS TO MAKE A PRIMA FACIA CASE FOR ITS CLAIMS OF ABUSE OF PROCESS, FRAUD, DEFAMATION AND RICO.**

A. **Defamation**

"A defamatory communication is one that tends to harm the reputation of a person so as to lower him in the estimation of the community or deter others from associating or dealing with him." *Lawrence v. Burdi*, 314 Mich. App. 203, 214, (2016) (quoting *American Transmission, Inc. v Channel 7 of Detroit, Inc.*, 239 Mich App 695, 702 (2000).

"The elements of a cause of action for defamation are (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party,(3)

fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by the publication (defamation per quod)." *Id. (citing American Transmission, Inc.* at 702).

Defendants allege that Plaintiff made false and defamatory statements orally and in writing which were published to a third party. However, none of the corresponding factual allegations include any actions which correspond to any element of this claim. It is unknown what the substance of the statements are, the identity of the alleged third party and the method of publishing. If Plaintiff is trying to argue that by the fact of Plaintiff filing a claim against Defendants would result in publishing facts to a third party, the court, Defendant argues that litigation privilege would shield Plaintiff from this claim. See *Fisher v. Perron*, 2021 U.S. Dist. LEXIS 5524. In *Fisher,* the court applied the Michigan Common Law doctrine, which applies absolute privilege whenever statements are relevant, material, or pertinent to the matter at issue. *Fisher* at 15. Immunity extends to every step in the proceeding and covers anything that may be said in relation to the matter at issue, including pleadings. *Id.*

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 566 U.S. at 678. A claim is facially plausible when it includes "factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atlantic Corp.*, 550 U.S. at 570. Defendants have not met the standard under *Bell Atlantic Corp* and *Ashcroft.*

Furthermore, an absolute defense to a defamation claim is the truth. *Rouch v. Enquirer & News of Battle Creek*, 427 Mich. 157, 173-74 (1986). Defendants have admitted that they violated the TCPA as a matter of law by virtue of the offer and acceptance of the offer of judgment; therefore, Defendants cannot suffer any unjust damage to their reputation. The allegations made by the Plaintiff in his complaint are true.

## B. Fraud

In *Titan Ins. Co. v. Hyten*, the Michigan Supreme Court explained the elements of fraudulent misrepresentation as follows: (1) defendant made a material representation, (2) it was false, (3) defendant knew it was false when made, or made it recklessly, without knowledge of its truth and as a positive assertion, (4) it was

11

made with the intention to induce reliance by the plaintiff, (5) plaintiff acted in reliance upon it, and (6) plaintiff thereby suffered injury. 491 Mich. 547, 555 (2012).

The misrepresentation identified in the Defendants' counter complaint alleges that Rojas has intentionally lied to Defendants to induce them to call him in violation of the TCPA. Defendants have failed to properly plead a claim for fraud.[1]

A case which is instructive as to this issue is *Mey v. Castle Law Grp., PC*, No. 5:19-CV-185, 2020 U.S. Dist. LEXIS 174894 (N.D.W. Va. Sep. 22, 2020). In that case, the plaintiff filed a five-count complaint, including a count for violation of the TCPA, which asserted the defendants used auto-dialers and prerecorded messages to sell debt relief services. *Id.* at 2. The defendants then filed a counter-claim alleging fraud, claiming that plaintiff voluntarily participated in the credit card qualification process in order to "trap the purported telemarketers into a lawsuit." *Id.* at 3. The defendants further alleged that "Plaintiff knew better than to provide such personal identifying information to a purported telemarketer. *Id.*

The Court in *Mey* finds that the defendants have failed to state a claim for fraud and goes on to explain that the conduct of the Plaintiff is of the type <u>encouraged</u> by the TCPA.

> "The statutory damages available under the TCPA are in fact specifically designed to appeal to plaintiff's self-interest and to direct that self-interest toward the public

---

[1] Defendants claims also do not comply with FRCP 9(b) which requires a party to state with particularity the circumstances constituting fraud or mistake.

> good: like statutory compensation for whistleblowers,
> they operate as bounties, increasing the incentives for
> private enforcement of law. Designing a cause of action
> with the purpose of enlisting the public in a laws'
> enforcement scheme is a well-established tool that can be
> found in areas ranging from antitrust and civil rights law
> to environmental law and false claims. While these
> schemes do not eliminate the constitutional requirement of
> an injury-in-fact, neither do they impose an additional
> hurdle simply because the plaintiff may have a motive
> beyond mere compensation for his injury."

*Id.* at 6.

Defendants have admitted that they wrongfully called the Plaintiff in violation of the TCPA and that they are collecting "leads" from unnamed companies in order to solicit business from "likely" candidates over the telephone. (PageID.49-55). Pursuant to the TCPA, it is unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic dialing system without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(3). Plaintiff's complaint specifically alleges that the phone call he received utilized both a prerecorded voice and was made by an auto dialer.

Defendants have already conceded liability and are paying the maximum allowable under the TCPA statute, $1,500 – the amount allowed if violations are knowingly and/or willful. Plaintiff did not force or fraudulently entrap Defendants to make this call, or the likely many other calls in violation of the TCPA. As explained above, Defendants are the ones engaging in unlawful activity by soliciting

13

the public in violation of the TCPA in order sign up additional claimants for their Round up lawsuit. Defendants stand to increase their profit with each additional participant. Defendants are attorneys who should fully understand the law and be able to comply with it.

Defendants cannot claim that they were defrauded into participating in an activity, which itself is in violation of the statute. Defendants are attorneys who understood fully that were not allowed to call anyone whose phone number is listed on the *Do Not Call* registry or use a pre-recorded voice or automatic telephone dialer. There is no exception which states that if a phone number ends up on a list of leads that the caller is excused from complying with the TCPA, if the lead was not submitted by the called party. It was <u>Defendants'</u> responsibility to verify that any call they make does not violate the statute. They failed to do this, by their own admission, and are now attempting to blame the Plaintiff for their own bad acts. Therefore, any allegation of fraud should be dismissed.

**C. <u>Abuse of Process</u>**

"A meritorious claim of abuse of process contemplates a situation where the defendant has availed himself of a proper legal procedure for a purpose collateral to the intended use of that procedure." *Dalley v. Dykema Gossett*, 287 Mich. App. 296, 322 (2010). "In a case alleging abuse of process, the pleadings must allege with specificity an act committed in the use of process 'that is improper in the regular

14

prosecution of the proceeding.'" *Id. (*quoting *Early Detection Ctr., P.C. v. New York Life Ins. Co.*, 157 Mich. App. 618, 629 (1986)). "A claim asserting nothing more than an improper motive in properly obtaining process does not successfully plead an abuse of process." *Id.* (citing *Young v. Motor City Apartments Ltd. Dividend Housing Ass'n No. 1 & No. 2*, 133 Mich. App. 671, 681 (1984)).

Moreover, "the ulterior purpose alleged must be more than harassment, defamation, exposure to excessive litigation costs, or even coercion to discontinue business." *Id.* (citing *Early Detection Ctr., P.C.*, 157 Mich App at 629-30). The example of abuse of process provided is to "bury" a party in discovery; on the surface, you are complying with the rules of procedure but for the improper purpose of added burden and expense on the opposing party. *Id.* at 322.

Defendants claim that Plaintiff is a "serial filer" and a "TCPA predator." While these imaginative descriptions paint a vivid picture, <u>they are not legal descriptions</u>. Furthermore, the fact that Plaintiff has filed lawsuits against other entities for violation of the TCPA are simply examples of Plaintiff exercising his right to due process and shows that there is no personal animus or malicious targeting of the Defendants. Plaintiff has simply filed a meritorious lawsuit in reaction to Defendants' call. Plaintiff has utilized his right to due process, and there is no evidence of any alleged abuse.

15

### D.  Racketeer and Corrupt Organizations (RICO) Act

Under RICO, it is "unlawful for any person employed by or *associated with any enterprise* engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Boyle v. United States*, 556 U.S. 938, 943 (2009) (emphasis in original) (citing 18 U.S.C. § 1962(c)). To assert a civil RICO claim under § 1962(c), the plaintiff must show: the conduct of an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962(c). Racketeering activity is "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical which is chargeable under state law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961 (1)(A). In addition, acts which are indictable under certain sections of Title 18, including mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) can be predicate acts to support a civil RICO claim. 18 U.S.C. § 1961 (1)(B).

Defendants' RICO claim is deficient because defendants have not adequately pled that there is racketeering activity. Plaintiff has filed meritorious lawsuits, as is his right, when he has received calls in violation of the TCPA. There is no state or federal law making this illegal. Filing these lawsuits in no way involves murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter,

or dealing in a controlled substance. It also cannot be classified as mail fraud or wire fraud as defined by Title 18.

This issue is addressed in *Jacovetti L., P.C. v. Shelton*, stating, "litigation conduct does not constitute a scheme or artifice to defraud because absent corrupt activity like bribing witnesses or parties, litigation conduct does not constitute a scheme or artifice to defraud for purposes of a civil RICO case." No. 2:20-CV-00163-JDW, 2020 WL 5211034, at 3 (E.D. Pa. Sept. 1, 2020). The court further clarifies "[t]o the extent that Plaintiff's claim that [Defendant] sued for 'fabricated claims' such conduct would not constitute an actionable RICO violation." *Id.* at 3, n. 15.

Furthermore, there is no enterprise. Defendants have alleged that Rojas has acted in conspiracy with Mark Dombrowski. Mr. Dombrowski was not properly served and is not a participant in this lawsuit. Mr. Rojas has never met Mr. Dombrowski or engaged in any kind of conspiracy to misuse the TCPA. However, even assuming that the allegations in the Plaintiffs Complaint are true, Plaintiff has failed to show that there is an enterprise with the meaning of RICO's civil suit provisions. Traditionally, enterprises under RICO are organized crime entities. *United States v. Johnson*, 440 F.3d 832, 839-40 (6th Cir. 2006) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Furthermore, liability under RICO

requires a certain amount of organizational structure; simple conspiracies are beyond RICO's reach. *Boyle*, 556 U.S. at 946.

**III.   THE COURT SHOULD GRANT PLAINTIFF/COUNTER-DEFENDANT JORGE ALEJANDRO ROJAS' MOTION FOR DISMISSAL AS DEFENDANT/COUNTER-PLAINTIFFS LACK STANDING UNDER ARTICLE III, AS THERE IS NO CASE OR CONTROVERSY.**

In order for a party to have standing under Article III of the Constitution, they must show an actual case or controversy. *Spokeo, Inc. v Robins*, 578 U.S. 330, 337 (2016). In this matter, Defendants have alleged Fraud, Defamation, Abuse of Process and violation of the RICO statute (18 U.S.C. § 1962). Only the RICO claim is a federal claim, all other claims are state law claims. Any person injured in business or property by violation of RICO § 1962 may bring a civil claim in any United States District Court. 18 U.S.C. § 1964(c). Under RICO's civil suit provision, claimants must establish standing to sue. *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004) The Supreme Court has explained that injury and proximate cause are aspects of standing rather than elements of a prima facia case. *Id.* (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 267-68 (1992)).

In this case, Defendants have failed to show any injury to business or property outside of the monies paid due to violation of the TCPA statute. Defendants have admitted that they wrongfully contacted the Plaintiff in violation of the TCPA. Defendants' liability for their own misdeeds cannot be used to claim an injury.

18

Therefore, there is no standing to sue under the RICO statute, and there is no other federal claim which has been pled and, therefore, the court must dismiss this claim in its entirety.

## CONCLUSION AND RELIEF REQUESTED

Based on the case law and facts stated above, the Plaintiff/Counter-Defendant respectfully request that this Honorable Court GRANT his Motion for Dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully Submitted,

/s/ *Jeanne V. Barron*
JEANNE V. BARRON (P37138)
Counsel for **Plaintiff/**
**Counter-Defendant Rojas**
Johnston, Sztykiel, Hunt,
Fraser, Gold & Barron P.C.
3250 W. Big Beaver Rd., Suite 500
Troy, MI 48084

Dated: June 14, 2024                    (248) 641-1800

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2024, I served a copy of the foregoing response and brief on counsel of record in this proceeding via the ECF filing system.

Respectfully Submitted,

/s/ *Jeanne V. Barron*

19

JEANNE V. BARRON (P37138)
Counsel for **Plaintiff/**
**Counter-Defendant Rojas**
Johnston, Sztykiel, Hunt,
Fraser, Gold & Barron P.C.
3250 W. Big Beaver Rd., Suite 500
Troy, MI 48084
Dated: June 14, 2024                        (248) 641-1800